**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No: 1:22-cr-00082-TWP-MJD-16 ) |
| SEAN DEVONISH, | ) ) |
| Defendant. | ) |

## ORDER DENYING SECOND MOTION TO REVOKE DETENTION ORDER

This matter is before the Court on Defendant Sean Devonish's ("Devonish") Second Motion to Revoke Detention (Filing No. 658). In his Motion, Devonish asks the Court to revoke the detention order issued by the Magistrate Judge on August 1, 2022, pursuant to 18 U.S.C. § 3145(b) and to proceed with a hearing on his motion. He asks the Court to revisit his detention status based on facts not known at the time of the first detention hearing; primarily, that his circumstances compare more favorably to other defendants released in this case. For the reasons stated below, the Court determines that no hearing is necessary, and there are no changed circumstances which warrant revocation of the detention order, so the Motion is **denied**.

### I. BACKGROUND

On July 7, 2022, Devonish, along with 20 co-defendants was indicted by a federal grand jury. He was charged with Count 1: Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 846. On July 28, 2022, the Magistrate Judge held a detention hearing, determined by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community, and by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendants appearance as required, and remanded Devonish to the custody of the U.S. Marshal pending trial. (Dkt. 233.) The Magistrate Judge considered the strong weight of the evidence

against Devonish, the lengthy period of incarceration if convicted, his history of violence, and prior attempt to evade law enforcement (at the time of his arrest). *Id*.

On October 7, 2022, Devonish filed a Motion to Reconsider Detention Order, in which he proffered that had he been given the opportunity to testify, he would have provided evidence supporting his connections to the community, his medical conditions, his inability to secure necessary medical treatment while incarcerated at Oldham County Detention Center, his limited and aged criminal history, and the need for him to be able to freely review discovery with his counsel. (Dkt. 295.) On October 25, 2022, the Magistrate Judge denied Devonish's Motion to Reconsider Detention, finding he had not presented any information not known at the time of the detention hearing that has a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance and the safety of the community. (Dkt. 301.)

In the instant Motion, Devonish again proffers that he has strong connections to the community and he has submitted numerous letters of support (*see* Filing No. 658-1). He proffers that his medical conditions are not being met at Oldham County Detention Center, he has a limited and aged criminal history, and he needs to be able to freely review discovery with his counsel. As facts not known at the time of the first detention hearing, he proffers that "of the twenty-two (22) defendants charged in this conspiracy, ten (10) were detained pending trial" and "[t]he government withdrew their request for pretrial detention for seven (7) defendants." (Filing No. 658 at 10). Devonish then compares his charges (and the number of firearms seized) to the charges filed against the co-defendants who were released, and argues "[t]here is an inexplicable disparity in pre-trial detention that allows co-defendants charged with possession of significantly more narcotics and firearms while Devonish remains in custody." *Id*. at 11.

In a Superseding Indictment filed April 18, 2023, Devonish is now charged with Count 1: Conspiracy to Distribute Controlled Substances; Count 8: Possession and Intent to Distribute 40

grams of Fentanyl; Count 20: Possession with Intent to Distribute 500 grams of Methamphetamine; and Count 27: Possession with Intent to Distribute 40 grams or more of Fentanyl (Filing No. 503).

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to the Bail Reform Act, a detention hearing may not be re-opened unless the judicial officer finds, "that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person and the safety of the community." *See* 18 U.S.C. § 3142(f)(2). The Court has considered Devonish's newly presented evidence and argument to determine whether a hearing is required and whether detention is appropriate.

In determining whether there are conditions of release that will reasonably assure a defendant's appearance and the safety of any other person and the community, the Court must take into account the following factors under 18 U.S.C. § 3142(g):

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including—
(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
 (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g)(1)-(3)(A), (B), and (4).

As required by 18 U.S.C. § 3145(b), the Court has made a *de novo* review of the Magistrate Judge's orders of detention (Filing No. 233, Filing No. 301). The Court has listened to the record of the proceedings held on July 27, 2022, reviewed the pretrial services report and the parties'

briefing and submissions (Filing No. 295, Filing No. 296, Filing No. 298, Filing No. 658, Filing No. 662 and Filing No. 663). The comprehensive review of these materials is sufficient and the Court determines that no additional hearing is necessary.

Devonish's counsel argues:

Given the totality of the circumstances, including Devonish's minimal and remote criminal history, lengthy employment history, family support, significant ties to Indianapolis, medical needs not being met at Oldham County Detention Center, the disparity in pretrial detention among co-defendants, weighty reference letters, and willingness to participate in location monitoring, there are conditions that this Court can fashion that will reasonably assure Devonish's attendance as required as well as the safety of the community.

(Filing No. 658 at 12).

The Government argues:

The defendant's Motion merely proffers evidence that he argues supports his release. All of this information was known to the defendant at his previous hearing, not to mention the last time that the defendant asked the Court to reconsider his release. The new argument presented by the defendant is that his circumstances may compare more favorably to other defendants released in the instant case. This argument hardly has a "material bearing" on whether defendant should be released pending trial. A magistrate judge must consider each defendant in a matter separately; whether the magistrate releases other defendants in the same case does not change the circumstances of Devonish's case in any way. The defendant's second motion to reconsider detention is patently frivolous and should be denied by this Court.

(Filing No. 662 at 3).

The Government is correct. The fact that some of Devonish's co-defendants with more severe charges (and more firearms seized), have been released is not relevant new information that would have a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance at trial or danger to the community.  As noted above, in assessing the risk of flight or danger to the community presented by a defendant, the Court must assess factors including (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the

nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g)(1)-(4). Each of these factors was accessed on an individual basis concerning the co-defendants who were either released or detained. The nature of the charges alone does not determine detention.

The other new information provided are the numerous letters in support of Devonish. The Court accepts that he is well thought of by his friends, family and community. However, his good deeds in the community and good reputation were clearly known at the time of his previous hearing and motion to reconsider. The Court finds Devonish has presented no new information that was not known to him at the time of the prior detention hearing that has a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance at trial or safety to the community. Accordingly, there is no basis to reopen the detention hearing pursuant to the Bail Reform Act. *See* 18 U.S.C. § 3142(f)(2).

Even assuming there was a basis to reopen reconsideration of detention, on the merits, detention remains appropriate in accordance with the factors set forth in 18 U.S.C. § 3142(g). Having proffered some evidence to shift the presumption of detention, the burden of proof lies with the Government as to dangerousness by clear and convincing evidence, and as to flight by a preponderance of the evidence. But the presumption that those conditions cannot be determined or found to reasonably assure appearance and safety does not disappear upon the production of some evidence, but remains a factor in the case. On this point, the Seventh Circuit has adopted the thorough reasoning of the court in *United States v. Jessup*, 757 F.2d 378, 381 (1st Cir. 1985). See *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986), and *United States v. Diaz*, 777 F.2d 1236 (7th Cir. 1985). Although most rebuttable presumptions found in the law disappear when any evidence is presented by the opponent of a presumption, the rebuttable presumptions of § 3142(e) are not such "bursting bubbles." *Jessup,* 757 F.2d at 383. Thus, even if a defendant has

rebutted a presumption by producing some evidence, the Court should still give weight to Congress's finding and direction that offenders involved in crimes of violence or drug trafficking, as a general rule, pose special risks of flight and danger to the community. *Dominguez*, 783 F.2d at 707; *Diaz*, 777 F.2d at 1238; *Jessup*, 757 F.2d at 383.

The Government has proffered sufficient evidence that Devonish presents a risk of flight based in part on his conduct at the time of his arrest. That being the proffer of circumstantial evidence that he destroyed evidence during the fifteen minute delay before he surrendered to law enforcement and attempt to obstruct justice. The weight of evidence against Devonish is overwhelming based on the items recovered during the DEA search of his home and the alleged recordings and video observation evidence proffered by the Government. Moreover, the offenses in the Superseding Indictment carry even greater penalties than the original Indictment, which is a factor the Court may consider in determining risk of flight.

Concerning danger to the community, Devonish explains that his possession of five firearms—which included a .357 Taurus; an assault rifle with a fully loaded 30 round magazine; a Ruger with a fully loaded 20 round magazine containing blue tip ammunition (used to penetrate police amour) chambered; a 12 gauge shotgun; and a semi-automatic pistol—is attributed to his dangerous profession of being an over-the-road truck driver, his former military status and that he was a victim of a violent crime. (Filing No. 658 at 12.) He argues that his legal ownership and possession of more than one firearm is not a reason he should remain in custody, especially after their seizure by law enforcement.

Although the firearms have been seized, there is still clear and compelling evidence of danger to the community based on the circumstances of Devonish's arrest; including presenting to law enforcement with a loaded magazine in his pocket, and endangerment of a child—based on allegations that he participated in drug dealing with a 12 year old minor. These are significant

factors the Court must weigh in assessing danger to others. Based on this record, the Court cannot find that Devonish is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). Upon *de novo* review, the Court also finds that the Government has shown by clear and convincing evidence that there are no conditions or combinations of conditions which could reasonably provide for the safety of the community if Devonish were released.

### III.  CONCLUSION

The Court finds no change in circumstances or new information which warrant reopening or revocation of the detention order. Moreover, on the merits, the Government has proffered a sufficient basis for the detainment of Devonish and has shown by a preponderance of the evidence that no condition or combination of conditions will reasonably assure his appearance at trial; and has shown by clear and compelling evidence no conditions or combination of conditions which would overcome the unacceptable risk that Devonish poses a danger to safety of the community. Accordingly, the Second Motion to Revoke Detention, (Filing No. 658), is **DENIED**.

This matter is scheduled for jury trial on **October 23, 2023**. Counsel should prepare for trial in earnest. The Court has previously alerted the government and Devonish's co-defendants that the parties should anticipate no further continuance of this trial date.

**SO ORDERED.**

Date:  8/1/2023

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Valerie Horvath
CAMDEN & MERIDEW, P.C.
vh@camlawyers.com

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Kelsey Massa
UNITED STATES ATTORNEY'S OFFICE
kelsey.massa@usdoj.gov

UNITED STATES PROBATION OFFICE